IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.                                                  Case Nos.: 4:12cr62/MW/CAS
                                                                4:14cv324/MW/CAS

JOSHUA BLAKE LANGFORD,

     Defendant.

---

## REPORT AND RECOMMENDATION

Defendant Joshua Blake Langford has a pending motion to vacate

set aside or correct sentence pursuant to 28 U.S.C. § 2255 to which the

Government has responded.  (ECF Nos.  353, 375).  Bureau of Prison

records reflect that Defendant was released from custody on January 12,

2016, after receiving a sentence reduction from 57 to 41 months.  (ECF

Nos. 259, 380, 388).  Some, if not all of the issues raised in his § 2255

motion have been rendered moot by his sentence reduction and

subsequent release.  The remaining issues are without merit, and his

motion should be denied.

Case Nos.: 4:12cr62/MW/CAS; 4:14cv324/MW/CAS

Case 4:12-cr-00062-MW-CAS    Document 423    Filed 03/20/17    Page 2 of 7

Page **2** of **7**

## Background and Analysis

Defendant pleaded guilty pursuant to a written plea agreement to conspiracy to possess with intent to distribute more than 50 kilograms but less than 100 kilograms of marijuana.  (ECF Nos. 171-173).  The court sentenced him at the mid-point of the applicable guidelines range to a term of 57 months imprisonment. (*See* ECF No. 228, 259).  Defendant did not appeal, but he timely filed the instant § 2255 motion.

Defendant raises two claims in his motion, each of which contains two subparts.  First, Defendant claims that during the plea bargaining stage, he was denied his Sixth Amendment right to counsel, which resulted in an unfavorable plea agreement and sentence.  He separates this claim into two parts.  Defendant asserts that counsel failed to investigate or research the implications of prior conduct or a prior conviction being used to calculate his sentence in this case.  He asks that his conviction "be vacated or the sentence reduced to the equivalent sentence that would have resulted with competent counsel—60 months."  (ECF No. 353).  Considering that Defendant's initial sentence was already below this

threshold, and the fact that he has already been released, this claim is

moot.

In the claim identified as Claim 1.2, Defendant contends that counsel

failed to inform him of the consequences of not filing a direct appeal.

Defendant never states that he wanted to file a direct appeal.  Rather, he

identifies the advantage of having a pending appeal as being allowed to

benefit from pending reductions in drug guidelines, if his conviction is not

final.  (ECF No. 353 at 14).  In order to prevail on a constitutional claim of

ineffective assistance of counsel, a defendant must demonstrate both that

counsel's performance was below an objective and reasonable

professional norm and that he was prejudiced by this inadequacy.

*Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Williams v. Taylor*, 529

U.S. 362, 390 (2000); *Darden v. United States*, 708 F.3d 1225, 1228 (11th

Cir. 2013). The record reflects that within a year after filing his § 2255

petition, Defendant received the benefit of a sentence reduction pursuant to

Amendment 782 on the court's own motion.  (ECF Nos. 378-380).  As

such, even if counsel failed to so inform him, he has not shown prejudice.

Defendant's second claim for relief if that the Government violated

due process by delaying his prosecution in order to obtain an advantage in

other cases.  In the first subpart of this claim, Defendant notes that the

Government was aware of his illegal conduct since 2010, but delayed

prosecution until 2013, and suggests that this improperly resulted in an

increased penalty for him.  Pre-indictment delay can violate the Fifth

Amendment if the defendant incurred substantial prejudice as a result of

the delay, and the Government intentionally delayed in order to gain a

tactical advantage.  *See United States v. Radue*, 707 F.2d 493, 495 (11th

Cir. 1983) (quoting *United States v. Marion*, 404 U.S. 307, 322-25 (1971)).

However, any such constitutional claim is waived.  "A guilty plea, since it

admits all the elements of a formal criminal charge, waives all

non-jurisdictional defects in the proceedings against a defendant."  *United*

*States v. Brown*, 752 F.3d 1344, 1347 (11th Cir. 2014) (quoting *United*

*States v. Fairchild*, 803 F.2d 1121, 1124 (11th Cir. 1986) (quoting *United*

*States v. Jackson*, 659 F.2d 73, 74 (5th Cir. 1981)); *see also United States*

*v. Bonilla*, 579 F.3d 1233, 1240 (11th Cir. 2009); *United States v. Patti*, 337

F.3d 1317, 1320 (11th Cir. 2003) ("Generally, a voluntary, unconditional

guilty plea waives all non-jurisdictional defects in the proceedings."). This

waiver includes constitutional claims, including ineffective assistance of

counsel claims relating to pre-plea issues, although an attack on the

voluntary and knowing nature of the plea can be sustained.  *See Tollett v.*

*Henderson*, 411 U.S. 258, 267 (1973) (individual who pleads guilty may

"attack the voluntary and intelligent character of the guilty plea").

Second, Defendant asserts that law enforcement "seemed to

encourage the confidential informant's efforts to ensnare" him.  Defendant

surmises that law enforcement wanted sufficient leverage over him to

obtain his cooperation in unrelated matters.  He also states that officers

questioned him periodically without counsel present, although never stating

that he attempted to invoke his right to counsel or right to remain silent.  As

such, his allegations do not establish a constitutional violation, and even if

they did, such claim was waived by the entry of his guilty plea.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings

provides that A[t]he district court must issue or deny a certificate of

appealability when it enters a final order adverse to the applicant, and if a

Case Nos.: 4:12cr62/MW/CAS; 4:14cv324/MW/CAS

certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.  The motion to vacate, set aside, or correct sentence (ECF No. 353) be **DENIED**.

2.  A certificate of appealability be **DENIED**.

Case Nos.: 4:12cr62/MW/CAS; 4:14cv324/MW/CAS

At Tallahassee, Florida, this 20th day of March, 2016.

s/CHARLES A. STAMPELOS
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case Nos.: 4:12cr62/MW/CAS; 4:14cv324/MW/CAS